JWA/CK 2006R00639

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 10-42-01 (RMB) |
| v. | 18 U.S.C. §§ 1341 & 2 |
| JAMES PATTEN | <u>INFORMATION</u> |

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

**THE DEFENDANT AND OTHERS**

1. At all times relevant to this Information:

a. Defendant JAMES PATTEN was a stockbroker licensed by the Financial Industry Regulatory Authority. Defendant JAMES PATTEN maintained business offices in Mendham and Bedminster, New Jersey.

b. P.M. was a client of defendant JAMES PATTEN, who, between in or about 2000 and in or about 2006, transferred more than $1,000,000 into investment accounts managed for her by defendant JAMES PATTEN.

c. N.I. Investment Company headquartered in Chicago, Illinois, was an investment management firm which managed mutual funds, closed-end funds, and accounts on behalf of institutions and high net worth individuals. N.I. Investment Company managed the N.I. Municipal Value Fund which was a closed-

- 1 -

end fund that invested primarily in highly rated tax-exempt municipal bonds.

## THE SCHEME TO DEFRAUD

2. From in or about 2004 to in or about May 2006, in Somerset County, in the District of New Jersey and elsewhere, defendant

### JAMES PATTEN

did knowingly devise and intend to devise a scheme and artifice to defraud P.M. and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as more fully described below.

### The Object of the Scheme and Artifice to Defraud

3. The object of the scheme was for defendant JAMES PATTEN to fraudulently conceal from P.M. the nature and extent of the financial losses in her investment accounts and to induce P.M. to continue to maintain her accounts with defendant JAMES PATTEN.

### The Means and Methods of the Scheme and Artifice to Defraud

4. In or about May 2000, P.M. opened an account with defendant JAMES PATTEN. P.M. funded the account with approximately $1.3 million, which was comprised largely of proceeds from an inheritance and savings she had accumulated over years.

5. From in or about 2000 through in or about 2004, defendant JAMES PATTEN actively traded in P.M.'s account. Much of the trading consisted of large and risky positions in

speculative and violatile securities, and, as of in or about June 2004, defendant JAMES PATTEN had lost approximately $900,000 from P.M.'s account.

6. In or about October 2004, P.M. transferred the additional amount of approximately $538,000 into the investment accounts managed for her by defendant JAMES PATTEN. P.M. specifically instructed defendant JAMES PATTEN to invest this money in low-risk securities, such as Treasury Bills or municipal bonds, and defendant JAMES PATTEN agreed to do so.

7. It was part of the scheme and artifice to defraud that, instead of following P.M.'s instructions, defendant JAMES PATTEN used approximately half of the $538,000 entrusted to him to pay off debts that defendant JAMES PATTEN had incurred in P.M.'s accounts.

8. It was further part of the scheme and artifice to defraud that defendant JAMES PATTEN attempted to conceal from P.M. the fact that he had used a portion of the $538,000 to pay off these debts.

9. It was further part of the scheme and artifice to defraud that, in or about March 2006, defendant JAMES PATTEN sent P.M. an account statement purportedly showing that P.M. had approximately $263,890.87 invested in the N.I. Municipal Value Fund. Defendant JAMES PATTEN represented to P.M. that the account statement had been created by N.I. Investment Company and that the $263,890.87 represented a portion of the $538,000 that P.M. had transferred to him. In fact, the statement was a

fabrication created by defendant JAMES PATTEN, not N.I. Investment Company, and was intended to deceive P.M. into believing that defendant JAMES PATTEN had not used a substantial portion of her investment funds to pay off debts that he had incurred in her accounts.

10. In or about March 2006, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, in the District of New Jersey and elsewhere, defendant

JAMES PATTEN

did knowingly place and caused to be placed in a post office and authorized depository for mail to be sent and delivered by the United States Postal Service according to the direction thereon, certain mail matter, that is, an envelope containing the fraudulent account statement described in paragraph 9.

In violation of Title 18, United States Code, Section 1341 and Section 2.

PAUL J. FISHMAN
United States Attorney

CASE NUMBER: _____

**United States District Court**
**District of New Jersey**

UNITED STATES OF AMERICA

v.

JAMES PATTEN

**INFORMATION FOR**

18 U.S.C. §§ 1341 and 2

**PAUL J. FISHMAN**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

CHRISTOPHER J. KELLY
*ASSISTANT U.S. ATTORNEY*
*NEWARK, NEW JERSEY*
973-645-6112