

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*973 645-2700*

JWR/CK/PL AGN
2006R00639

September 15, 2009

Michael Sullivan, Esq.
Coughlin Duffy LLP
350 Mount Kemble Avenue
Morristown, NJ 07962

Re: <u>Plea Agreement with James Patten</u>

CR-10-42-01 (RmB)

Dear Mr. Sullivan:

This letter sets forth the plea agreement between your client, James Patten, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from James Patten to a one-count information, which charges James Patten with committing mail fraud, in violation of 18 U.S.C. § 1341. If James Patten enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against James Patten for engaging in a scheme to defraud an individual with the initials P.M. by making material misrepresentations during 2006, including sending P.M. false and fraudulent account statements in March 2006. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by James Patten may be commenced against him, notwithstanding the expiration of the limitations period after James Patten signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1341 to which James Patten agrees to plead guilty carries a statutory maximum prison

sentence of 20 years, and a statutory maximum fine equal to the greatest of:  (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon James Patten is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence James Patten ultimately will receive.

Further, in addition to imposing any other penalty on James Patten, the sentencing judge:  (1) will order James Patten to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order James Patten to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order James Patten, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require James Patten to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed.  Should James Patten be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, James Patten may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, James Patten agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to Patricia Murphy in the amount of $334,300.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to

- 2 -

the appropriate sentence to be imposed on James Patten by the
sentencing judge, to correct any misstatements relating to the
sentencing proceedings, and to provide the sentencing judge and
the United States Probation Office all law and information
relevant to sentencing, favorable or otherwise.  In addition,
this Office may inform the sentencing judge and the United States
Probation Office of:  (1) this agreement; and (2) the full nature
and extent of James Patten's activities and relevant conduct with
respect to this case.

Stipulations

        This Office and James Patten agree to stipulate at
sentencing to the statements set forth in the attached Schedule
A, which hereby is made a part of this plea agreement.  This
agreement to stipulate, however, cannot and does not bind the
sentencing judge, who may make independent factual findings and
may reject any or all of the stipulations entered into by the
parties.  To the extent that the parties do not stipulate to a
particular fact or legal conclusion, each reserves the right to
argue the existence of and the effect of any such fact or
conclusion upon the sentence.  Moreover, this agreement to
stipulate on the part of this Office is based on the information
and evidence that this Office possesses as of the date of this
agreement.  Thus, if this Office obtains or receives additional
evidence or information prior to sentencing that it determines to
be credible and to be materially in conflict with any stipulation
in the attached Schedule A, this Office shall not be bound by any
such stipulation.  A determination that any stipulation is not
binding shall not release either this Office or James Patten from
any other portion of this agreement, including any other
stipulation.  If the sentencing court rejects a stipulation, both
parties reserve the right to argue on appeal or at post-
sentencing proceedings that the sentencing court was within its
discretion and authority to do so.  These stipulations do not
restrict the Government's right to respond to questions from the
Court and to correct misinformation that has been provided to the
Court.

Waiver of Appeal and Post-Sentencing Rights

        As set forth in Schedule A, this Office and James
Patten waive certain rights to file an appeal, collateral attack,
writ or motion after sentencing, including but not limited to an
appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Other Provisions

      This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

      This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against James Patten.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the Securities and Exchange Commission), or any third party from initiating or prosecuting any civil proceeding against James Patten.

## No Other Promises

      This agreement constitutes the plea agreement between James Patten and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RALPH J. MARRA, JR.
Acting United States Attorney

By: JUSTIN W. ARNOLD
    CHRISTOPHER KELLY
Assistant U.S. Attorneys

APPROVED:

Kevin O'Dowd
Chief, Securities and Healthcare Fraud Unit

- 4 -

I have received this letter from my attorney, Michael
Sullivan, Esq., I have read it, and I understand it fully.   I
hereby accept the terms and conditions set forth in this letter
and acknowledge that it constitutes the plea agreement between
the parties.   I understand that no additional promises,
agreements, or conditions have been made or will be made unless
set forth in writing and signed by the parties.


AGREED AND ACCEPTED:


_____          Date: 9/30/09
James Patten


_____          Date: 9/30/09
Michael Sullivan, Esq.


- 5 -

<u>Plea Agreement With James Patten</u>

<u>Schedule A</u>

1.   This Office and James Patten recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and James Patten nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence James Patten within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and James Patten further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.   The version of the United States Sentencing Guidelines effective November 1, 2008 applies in this case.  The applicable guideline is U.S.S.G. § 2B1.1(a)(1).  This guideline carries a Base Offense Level of 7.

3.   Specific Offense Characteristic § 2B1.1(b)(1)(G) applies because the loss is more than $200,000 but less than $400,000.  This Specific Offense Characteristic results in an increase of 12 levels.

4. Because the offense involved a violation of securities law and, at the time of the offense, James Patten was a registered broker or dealer or a person associated with a broker or dealer, U.S.S.G. § 2B1.1(b)(16)(A)(ii) applies.  This results in an increase of 4 levels.

5.   As of the date of this letter, James Patten has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if James Patten's acceptance of responsibility continues through the date of sentencing.  <u>See</u> U.S.S.G. § 3E1.1(a).

6.   As of the date of this letter, James Patten has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.  If James Patten enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition James Patten's offense

- 6 -

level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, James Patten will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

7.   In accordance with the above, the parties agree that the total Guidelines offense level applicable to James Patten is 20 (the "agreed total Guidelines offense level").

8.   The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 20 is reasonable.

9.   James Patten knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 20.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 20.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.